IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINH DHALIWAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ESTATE OF SATWANT K. BRAR,<br>Deceased, et al.,<br><br>    Defendants. | Case No.: 1:03-cv-06123 TAG<br><br>ORDER SETTING STATUS CONFERENCE AND REQUIRING PERSONAL APPEARANCES |

    On July 22, 2004, counsel for Plaintiffs filed a Notice of Settlement of Action. (Doc. 19). In that filing, counsel stated that "resolution was reached [on July 13, 2004] as to all claims for personal injury and wrongful death damages arising out of the motor vehicle accident of July 21, 2002." (Doc. 19, p. 2). Attached to the filing was a Memorandum of Settlement dated July 13, 2003. (Doc. 19, Exh. A).

    The Notice of Settlement of Action further stated that "[b]ecause several of the settlements in the British Columbia courts are subject to approval by the Public Trustee, it is expected that it may take up to 30 days for final approval by the Public Trustee. Disbursement of insurance funds to pay the settlements by the Insurance Corp. of British Columbia (I.C.B.C.) will not occur until the final orders approved by the Public Trustee are submitted. Therefore, it is respectfully requested that plaintiffs be allowed 30 days from August 2, 2004 in order to file a dismissal with prejudice or Certificate of Progress as to ongoing developments to fulfill the settlements." (Doc. 19, p. 2). Almost two years later, however, no stipulated dismissal with prejudice or certificates of progress have been filed.

Local Rule 16-160(a) states that "[w]hen an action has been settled or otherwise disposed of . . . whether by settlement conference or out of Court . . . it is the duty of counsel to inform the courtroom deputy clerk and the assigned Court's chambers immediately." In addition, Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)(district courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions").

Accordingly, it is HEREBY ORDERED that:

1. This matter IS SET for Status Hearing, at which counsel for each party SHALL PERSONALLY APPEAR, on April 19, 2006, at 9:30 a.m. before the Honorable Theresa A. Goldner, United States Magistrate Judge, in the United States District Court Courtroom at 1300 18th Street, Bakersfield, CA, 93301 and explain why no stipulation for dismissal of the case or certificates of progress have been filed.

2. No later than April 10, 2006, counsel for each party SHALL FILE a joint Status Conference Report detailing what actions, if any, they have taken to cause the settlement to be completed since August 2, 2004, and what progress, if any, has been made to effect a complete and final resolution of the case.

3. In the event a completely executed stipulation for unconditional dismissal of the entire case is delivered to the Court no later than April 14, 2006, the Court shall vacate the April 19, 2006 Status Hearing.

IT IS SO ORDERED.

Dated:   **March 29, 2006**                         /s/ Theresa A. Goldner
**j6eb3d**                                          UNITED STATES MAGISTRATE JUDGE

2